

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-3-2005

# Rugovac v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4382

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Rugovac v. Atty Gen USA" (2005). *2005 Decisions.* Paper 265.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/265

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-4382

_____

SULO RUGOVAC
a/k/a SULJA RUGOVAC
a/k/a SULJO RUGOVAC

Sulo Rugovac,

Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES,

Respondent

_____

On petition for review of a decision and order
of the Board of Immigration Appeals
(BIA No. A74-881-682)

_____

Submitted under Third Circuit LAR 34.1(a)
October 28, 2005

BEFORE: SLOVITER, FISHER and GREENBERG, Circuit Judges

(Filed: November 3, 2005)

_____

OPINION OF THE COURT

_____

GREENBERG, <u>Circuit</u> <u>Judge</u>.

This matter comes on before this court on a petition for review of a decision and order of the Board of Immigration Appeals ("BIA") dated October 26, 2004. The petitioner, Sulo Rugovac, a native of Serbia and Montenegro, entered the United States on March 20, 1997, without valid entry documents. Consequently, on March 21, 1997, the former Immigration and Naturalization Service executed a notice to him to appear as he was removable as an alien who had sought to enter the United States with fraudulent documents in violation of section 212(a)(6)(C)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(c)(i), and also failed to possess either a valid immigrant visa or a valid unexpired travel document in violation of section 212(a)(7)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(7)(A)(i)(I).[1]

At the ensuing hearing, Rugovac admitted the allegations against him, but sought asylum and withholding of removal. The immigration judge on March 30, 1998, denied his application, following which Rugovac appealed to the BIA, which dismissed his appeal on December 6, 2002. Rugovac did not file a petition for review with this court at that time.

Instead, almost one and one half years later on June 1, 2004, Rugovac moved

---

[1]When the proceedings in this case originated, the Immigration and Naturalization Service, as an independent agency within the Department of Justice, administered the enforcement functions of the Immigration and Nationality Act. It ceased to exist, however, as an agency on March 1, 2003, and Congress transferred the INA's enforcement to the Department of Homeland Security.

before the BIA to reopen his immigration proceedings, predicating his argument on changed country conditions. See 8 C.F.R. § 1003.2(c)(3)(ii)(2005). He also contended that the original decision in his case had been wrong. The BIA summarily rejected the latter contention on the grounds that its first decision was administratively final, id. § 1003.1(d)(7)(2005), and that Rugovac had not filed a timely motion to reconsider its decision, id. § 1003.2(b)(2)(2005).

The BIA also rejected the changed country conditions contention as it viewed Rugovac's motion as being "based on the same set of facts as presented in his initial asylum application." It pointed out that Rugovac had "not provided any corroborating evidence, such as affidavits from friends or family members or evidence that others similarly situation in his native country would be persecuted on account of the protected ground." The BIA went on to explain that Rugovac had "not shown that the government persecutes, rather than prosecutes military draft dodgers." This point was particularly significant as Rugovac objects to joining the military in his native country and seeks to remain in this country to circumvent that duty. Following the BIA's decision and order, Rugovac filed his petition for review with this court.

Rugovac raises two contentions in these proceedings:

I. The BIA abused its discretion in determining that recent conditions in Serbia and Montenegro did not warrant reopening on the basis of circumstances that had arisen subsequent to the previous hearing.

II. The BIA denied [him] his fifth amendment right to due process when it took administrative notice of country conditions without giving [him] an

3

opportunity to rebut it.

After our consideration of this matter, we have found that there is substantial evidence supporting the BIA's conclusions. Thus, the BIA did not abuse its discretion in denying the motion. Rugovac's burden in these proceedings is high to the extent that he challenges the BIA's factual findings as we must uphold the BIA's factual determinations unless "any reasonable adjudicator would be compelled to conclude to the contrary." INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B); see Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). We cannot conclude that his showing meets this standard. While we will not summarize all of the evidence, we point out that an Amnesty International report indicates that persons in Serbia and Montenegro who seek to perform civilian rather than military service frequently are sent to psychiatrists who generally deem them unfit for military service.[2] Indeed, insofar as Amnesty International is aware, Serbia and Montenegro tried only seven persons in 2002 for refusing to enter service as conscientious objectors and only three received prison sentences. Such treatment hardly is indicative of persecution.

Finally we reject Rugovac's due process contentions predicated on the BIA having administratively noticed the State Department's 2003 country report for Serbia and Montenegro. The information from State Department country reports is very important,

---

[2]We note that even though Rugovac claims to be a conscientious objector with respect to military service, the extent of his objection to such service apparently is limited as he indicates that he "did not want to kill his Albanian and Muslim brethren." Petitioner's br. at 11.

4

see Berishaj v. Ashcroft, 378 F.3d 314, 328-32 (3d Cir. 2004), and 8 C.F.R. § 1003.1(d)(3)(iv)(2005) is broad enough to allow the BIA to take administrative notice of the reports as they are official documents. In view of the regulation and the administrative practice in removal cases, Rugovac should have anticipated that the BIA might take notice of the country report.[3]

For the foregoing reasons, the petition for review will be denied.

———————

[3]We are not concerned here with a situation in which a court of appeals considers an updated country report that had not been available to the BIA in which event we have indicated that an "asylum claimant should have the opportunity to challenge the updated country report that the government would rely on." Berishaj, 378 F.3d at 330.

5